UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YENORY PANTOJA,

      Plaintiff,

v.                                                   CASE NO. 8:15-cv-1414-T-23MCR

CAROLYN W. COLVIN,
Acting Commissioner the Social
Security Administration,

      Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss

Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be

Granted (Doc. 12) (the "Motion") and Plaintiff's response in opposition to the

Motion (Doc. 13).  For the reasons stated herein, the undersigned recommends

that the Motion be **GRANTED** and the case be **DISMISSED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

## I.     Background

Plaintiff Yenory Pantoja initiated this action by filing a complaint for judicial

review of Defendant's decision to deny her claim for disability insurance benefits.

(Doc. 1.)  On August 31, 2015, Defendant filed the instant Motion asserting that

Plaintiff failed to timely seek review of Defendant's decision in this Court.  (Doc.

12.)  Plaintiff responded in opposition to the Motion.  (Doc. 13.)  Because

Defendant submitted a declaration and exhibits to the Motion, and Plaintiff

submitted an affidavit and exhibit to her response, the parties were advised that

Defendant's Motion would be considered as a motion for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Doc. 14.)  The

parties were also advised of the importance and ramifications of Rule 56

summary judgment consideration, given notice that summary judgment review

would be conducted on or after October 23, 2015, and advised that additional

evidentiary materials could be submitted prior to that date.  (*Id.*)  Following the

undersigned's advisement, neither party submitted additional materials, and the

deadline for doing so has passed.  Thus, Defendant's Motion is now ripe for

consideration.

## II.    Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court

shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter

of law." Rule 56(a), Fed. R. Civ. P.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the non-movant.  *See Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (quoting *Hairston v. Gainesville Sun Publ. Co.*, 9 F.3d 913, 919 (11th Cir. 1993)).  In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment."  *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (citing *Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro*, 38 F.3d 1571, 1578 (11th Cir. 1994)).  The inferences, however, must be plausible.  *See Griesel v. Hamlin*, 963 F.2d 338, 341 (11th Cir. 1992); *Mize*, 93 F.3d at 743.  If a reasonable juror could infer from the evidence presented the conclusions upon which the non-moving party depends, the motion for summary judgment should be denied. *Alphin v. Sears, Roebuck & Co.*, 940 F.2d 1497, 1500 (11th Cir. 1991).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial.  *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  *Jeffery v.*

*Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (internal citations and quotation marks omitted).

## III.   Discussion

Section 405(g) provides that a claimant may obtain review of the Commissioner's decision by filing "a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . ."  42 U.S.C. § 405(g).  The Commissioner has interpreted "mailing" as the date of receipt by the individual of either the Appeals Council's notice of denial of request for review of the presiding officer's decision or the Appeals Council's decision.  *See* 20 C.F.R. §§ 404.981, 422.210(c).  The Commissioner has further provided by regulation that the "[d]ate you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."  20 C.F.R. § 404.901.

In his declaration, Patrick J. Herbst, the Social Security Administration's Chief of Court Case Preparation and Review Branch 3 of the Office of Disability Adjudication and Review, states that the Appeals Council sent its notice to Plaintiff, with a copy to Plaintiff's representative, on April 8, 2015.  The notice advised Plaintiff of the requirement that she file a civil action within sixty (60) days of receipt of the Appeals Council's notice of its decision.  (Doc. 12-1 at 3.)

4

Further, at the time of signing the declaration, Mr. Herbst was not aware of any request for an extension of time to file a civil action.  (*Id.*)

Plaintiff does not contend and has made no showing that she received the final administrative decision later than presumed by operation of the Commissioner's regulation.  Rather, she concedes that she had until June 12, 2015, to file her Complaint.  (Docs. 13 at 1 and 13-1 at 1.)  Plaintiff's counsel states that Plaintiff came into his office on June 9, 2015, to sign the paperwork for him to represent Plaintiff on appeal and he received the necessary documents from Plaintiff at that time.  (*Id.*)  Although Plaintiff's counsel was aware of the June 12, 2015 deadline, he signed and directed his secretary to file the Complaint on June 11, 2015.  (*Id.*)  With knowledge of the June 12, 2015 deadline, Plaintiff's counsel's secretary, Nadine Trier, subsequently placed the Complaint in an United States Postal Service ("USPS") express mailbox located outside Plaintiff's counsel's office prior to 4:30 p.m.[2]  Ms. Trier expected the Complaint to be mailed to the Court on the June 12, 2015 filing deadline as she had previously utilized this procedure with success.  (Doc. 13-1 at 1.)  However, the package was picked up on Friday, June 12, 2015, and delivered on Monday, June 15, 2015.  (Docs. 13-1 at 2 and 13-2.)

---

[2] According to Ms. Trier, the express mailbox reads that the last pickup for express mail is at 4:30 p.m.

Because Plaintiff concedes that her Complaint was filed after the June 12, 2015 filing deadline, the burden falls on her to establish that an exception to the statute of limitations or tolling provision applies. *See, e.g., Blue Shield v. Weitz*, 913 F.2d 1544, 1552 n.13 (11th Cir. 1990) ("Once a defendant shows that the applicable statute of limitations bars the claim, the burden shifts to the plaintiff to demonstrate that an exception or tolling provision applies."). Plaintiff urges the Court to apply the doctrine of equitable tolling to allow review of her untimely Complaint. The Eleventh Circuit has held that a plaintiff seeking equitable tolling of the filing period of 42 U.S.C. § 405(g) must "justify her untimely filing by a showing of extraordinary circumstances." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (citing *Waller v. Comm'r of Soc. Sec.*, 168 F. App'x 919 (11th Cir. 2006)). In *Jackson*, the Eleventh Circuit stated:

> [W]hile we believe the law is well-settled that equitable tolling may apply to § 405(g)'s statute of limitations, before a court may do so it must apply "traditional equitable tolling principles." And traditional equitable tolling principles require that the claimant demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment.

*Jackson*, 506 F.3d at 1355 (emphasis in original). "Indeed, the Eleventh Circuit has defined 'extraordinary circumstances' narrowly." *Ward v. Astrue*, Case No.: 5:09-cv-380-RS-EMT, 2010 WL 4386544 at *4 (N.D. Fla. Oct. 29, 2010) (citation omitted), adopted by *Ward v. Astrue*, 2010 WL 4977541 at *1 (N.D. Fla. Dec. 2, 2010).

The undersigned finds that Plaintiff failed to show extraordinary circumstances existed so as to preclude the Commissioner from asserting the affirmative defense of statute of limitations.  Plaintiff does not argue her late filing was the result of fraud or deliberate concealment by the Commissioner.  As noted above, Ms. Trier states that she mailed the complaint package by dropping it off in the USPS express mailbox on June 11, 2015, the day before Plaintiff's filing deadline.[3]  Although it appears Ms. Trier has successfully mailed complaints in prior cases the day before the statute of limitations deadline by placing them in the express mailbox, the complaint in this case was not delivered the following day as expected.  In essence, Plaintiff argues that the doctrine of equitable tolling should apply to these circumstances.

However, the fact that the complaint package was not delivered by the USPS the day immediately following its mailing is not an extraordinary circumstance warranting equitable tolling.  *Cf. Bailey v. Astrue*, Case No.: 2:12-cv-551-SRW, 2012 WL 5907384 at *4 (M.D. Ala. Nov. 26, 2012) ("The fact that this court did not receive the complaint the day immediately following its mailing is not an extraordinary circumstance warranting equitable tolling.").  Plaintiff failed to

---

[3] The undersigned notes that Ms. Trier's affidavit does not definitively state that she placed the complaint package in the express mailbox on June 11, 2015, and the USPS receipt shows that the package was accepted on June 12, 2015 at 7:36 p.m.  (Docs. 13-1 at 1 and 13-2.)  Nevertheless, the undersigned makes the reasonable inference in favor of Plaintiff that the package was placed in the express mailbox prior to 4:30 p.m. on June 11, 2015.

cite any authority supporting the position that the USPS's failure to deliver a package when expected constitutes an extraordinary circumstance and the weight of authority contradicts Plaintiff's position.

For example, in *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999), the Eleventh Circuit found that no equitable tolling exists where the delay was caused by counsel's decision to mail a Section 2255 motion from Atlanta to Miami, by use of regular mail, six days before the statute of limitations deadline.  The Eleventh Circuit reasoned that "[w]hile the inefficiencies of the [USPS] may be a circumstance beyond [the plaintiff's] control, the problem was one that [the plaintiff's] counsel could have avoided by mailing the motion earlier or by using a private delivery service or even a private courier."  *Id.* at 1272.  Like in *Sandvik*, Plaintiff's counsel in the present case could have avoided any inefficiency of the USPS by utilizing other means of delivery, including hand delivery (as Plaintiff's counsel's office is located in Tampa, the same city in which the Complaint was filed), or by mailing the complaint package earlier.  *See Ward*, 2010 WL 4386544 at *6 ("[O]ther options were available to counsel to *ensure* timely delivery of Plaintiff's complaint, including hand-delivery or mailing the complaint on an earlier date.") (emphasis in original).

The undersigned rejects any argument by Plaintiff that her counsel's expectation of delivery based on prior successes in utilizing the USPS express mailbox to mail complaints the day before the statute of limitations deadline and

her counsel's late retention date (June 9, 2015) present distinguishable, extraordinary circumstances.  In *Ward v. Astrue*, Plaintiff similarly presented her complaint and accompanying documentation to the USPS two days prior to the statute of limitations deadline for *express* mail delivery.  2010 WL 4386544 at *2. Plaintiff was advised by the USPS that the scheduled date of delivery was November 27, 2009, the statute of limitations deadline.  *Id.*  The complaint, however, was not delivered by the USPS until November 30, 2009, three days after the statute of limitations deadline.  *Ia.*  The court rejected the plaintiff's argument that extraordinary circumstances existed because she relied on the USPS's advice that the "scheduled date of delivery" was on the last day for filing and expected delivery on that date.  *Id.* at 5-6.  Rather, the court concluded that the USPS's failure to deliver the complaint on time did not constitute extraordinary circumstances giving rise to equitable tolling.[4]  *Ia.*

Similarly, in *Bailey v. Astrue*, the plaintiff's counsel stated that she received the necessary documents from the plaintiff on June 11, 2012, four (4) days prior to the statute of limitations deadline.  2012 WL 5907384 at *2.  The plaintiff's

---

[4] The undersigned is aware of the holding in *Shaffer v. Mississippi*, 2:13-cv-37-KS-MTP, 2013 WL 6198283 at *3 (S.D. Miss. Nov. 27, 2013).  However, in *Shaffer*, Plaintiff's counsel hired FedEx, a private delivery service, to ensure delivery of the complaint on a date certain.  Moreover, FedEx provided Plaintiff's counsel multiple assurances that the complaint would be delivered on the date certain, including a receipt from FedEx that demonstrated that the habeas petition should have been delivered on the date certain.  *Id.* at *2. Plaintiff in this case did not hire a private delivery service and failed to provide evidence of assurances made by the USPS that her Complaint would be delivered the following day.

counsel apparently "posted" the plaintiff's complaint to the court on June 14, 2012, the day prior to the statute of limitations deadline.  The plaintiff's counsel later learned that the complaint was not received by the clerk.  *Id.*  The court refused to apply equitable tolling in that instance, noting that the fact that the complaint was not received the day immediately following its mailing is not an extraordinary circumstance warranting equitable tolling.  *Id.* at 4.  The court further reasoned that "[e]ven if the conduct of plaintiff's counsel could be characterized as 'excusable,' it would not justify equitable tolling of the limitations period."  *Id.*

## IV.    Conclusion

Here, Plaintiff's late filing was the result of her counsel's failure to ensure timely delivery.  As such, Plaintiff cannot point to "equities in favor of tolling the limitations period [that] are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (quoting *Mathews v. Eldridge*, 421 U.S. 319, 330 (1976)).  The undersigned therefore concludes that the doctrine of equitable tolling should not be applied in this case.  Accordingly, it is respectfully **RECOMMENDED:**

1.    That Defendant's Motion to Dismiss (**Doc. 12**), considered by the Court as a motion for summary judgment, be **GRANTED**.

2.    That judgment be entered accordingly and the clerk be directed to close this file.

**DONE and ENTERED** in Jacksonville, Florida, on December 3, 2015.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Steven D. Merryday
Chief United States District Judge

Counsel of Record

11